SAVOY, Judge.
Plaintiffs filed this action in tort against defendant alleging that certain cattle belonging to plaintiffs died because they were poisoned by the drilling compound used by defendant in the drilling of a well and which compound containing poisoning escaped from the well location and ran into the water supply in the pasture where plaintiffs’ cattle were grazing.
After a trial on the merits, the district judge held that plaintiffs had not borne the burden of proof that the cattle had died because of any fault of defendant and dismissed their suit. Plaintiffs have appealed from the judgment of the district court.
After due consideration of, and examination into the case, we have decided that the judgment appealed from is correct, and adopt as our own the opinion of the district judge and the reasons therein stated for affirming the judgment.
The opinion is as follows:
“This is an action for damages instituted by Alphonse L. Breaux, Dave Domingue, Glenn Hathaway and Isaac Doiron against Magnolia Petroleum Company arising out of the alleged death or loss of cattle owned by plaintiffs. Issue was joined and in due course the case was tried. It is now before the Court for decision on its merits.
“The evidence establishes that during the month of March, 1958, each of the plaintiffs owned several head of cattle which were being pastured on Hackberry Island, an island located in Cameron Parish between the Lake Charles deep ship channel and Calcasieu Lake. At that time an oil well known as ‘C. Breaux Ho. 5 Well’ was being drilled on this island under a contract entered into between defendant, as the owner of the oil lease, and Power Rig Drilling Company, as the drilling contractor. The well was located just east of a barn which was being maintained by plaintiffs for their cattle, and some of the drilling mud used in drilling this well escaped from the immediate site of the well and flowed into a pond or low place located immediately north of this barn.
“Plaintiffs contend that some of the drilling mud or materials used in the drilling of this well contained arsenic, that defendant negligently permitted' some of these poisonous substances to escape from the well and to contaminate the water and pasture in that area, that a number of plaintiffs’ cattle consumed some of this poison while grazing or drinking water, and that as a result thereof several of their cattle died. One of the defenses urged by defendant is that none of the materials used in drilling the C. Breaux No. 5 well contained arsenic or metallic poisoning of any kind, and for that reason defendant could not be held responsible for the death of plaintiffs’ cows.
“Dr. J. E. Bruce, a veterinarian, examined some of plaintiffs’ cattle on March 11, 1958, and found six or seven cattle to have symptoms which he described as very rapid loss of weight, a peculiar uncoordinated gait, particularly in the rear limbs, and a profuse discolored diarrhea with a very foul smell, although each of *617 said cows was found to have normal temperature. He found no dead cattle on that visit, however. On March 18, 1958, Dr. Bruce visited the pasture again and found one dead cow on which he performed a post mortem examination. He took specimens from the dead animal, from the feed which was being given to the cattle and from the area, which specimens were sent to a laboratory for analysis. Dr. Bruce, however, made no examination of these specimens himself, and the results of the laboratory tests were never shown. As a result of his examination and the laboratory reports which he received, Dr. Bruce concluded that the death of plaintiffs’ cattle was caused by ‘arsenic poisoning.’ No evidence of any kind was presented by plaintiffs, however, to show that the drilling mud or any other materials used in the drilling of the C. Breaux No. 5 well contained arsenic or a poison ingredient of any kind.
“Clyde Robert Claus, district petroleum engineer for Magnolia Petroleum Company, testified that defendant purchased and furnished to the drilling contractor all of the ingredients of the mud used in drilling the C. Breaux No. 5 well, and that there was no arsenic in the drilling mud or in anything else used in the drilling of that well. He stated that the component known as G-7 was not used in this well. He conceded that he did not personally sample each batch of material that went out to the well, but testified that defendant has its own laboratory, that they run different checks on the materials used, and that he knows the ingredients of all materials used in that well. He further testified that all components of the drilling mud used in that well were obtained from Louisiana Supply Company, except that some diesel oil and a product known as Hydroseal were obtained elsewhere. He stated that no arsenic is contained in diesel oil.
“Seth Trammel, manager of the mud and chemical division of Louisiana Supply Company, testified that his company furnished all of the drilling mud on the C. Breaux No. 5 well, and that the mud used on that well was obtained from Magnet Cove Barium Corporation. He further testified that the material known as G-7 was not used on that well.
“Orien W. Van Dyke, a chemical engineer employed by Magnet Cove Barium Corporation, testified that no arsenic is contained in Hydroseal or in any of the other materials used in the drilling of the C. Breaux No. 5 well. He further testified that his company produces only one product which contains arsenic, that this product is marketed under the trade name of G-7, that it is not carried in stock, and that no sales of G-7 were made to defendant for use on the above mentioned well.
“The burden of proof rests upon plaintiffs, of course, to establish that arsenic or some other type of poison was used in the drilling of the C. Breaux No. 5 well, and that defendant negligently permitted this poisonous substance to escape. In my opinion the evidence presented here fails to establish that the drilling mud or any other materials used in the drilling of that well contained arsenic or other poisonous ingredients. Since nothing was used by defendant or its drilling contractor which could have caused the death of plaintiffs’ cattle, it necessarily follows that defendant is not responsible for the loss sustained by plaintiffs.
“Since the evidence fails to establish that there was any connection between the death of plaintiffs’ cattle and the ingredients contained in the mud or other materials used in the drilling of the C. Breaux No. 5 well, it is not necessary to consider the additional issues presented of whether the death of these cows was caused by arsenic poisoning or whether defendant is relieved of liability on the ground that the drilling operations were being conducted by ao independent contractor.
*618 “For the reasons herein assigned, judgment will be rendered in favor of defendant, Magnolia Petroleum Company, and against plaintiffs, Alphonse L. Breaux, Dave Domingue, Glenn Hathaway and Isaac Doiron, rejecting the demands of said plaintiffs and dismissing this suit at plaintiffs’ costs.”
For the reasons assigned, the judgment of the district court is affirmed. Plaintiffs are to pay all costs of court.
Affirmed.
On Application for Rehearing.
En Banc. Rehearing denied.
HOOD, J., recused.